UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CRYSTAL ORTIZ, on behalf of herself
and all others similarly situated,

               Plaintiff,

   -against-                      **MEMORANDUM AND ORDER**
                                            Case No. 2:17-CV-4046 (FB) (SIL)
ADVANCED CALL CENTER
TECHNOLOGIES, LLC,

               Defendant.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

      Crystal Ortiz received a letter regarding a past-due balance on her Old Navy credit card. Alleging that the letter violated the Fair Debt Collection Practices Act ("FDCPA"), she sued the sender of the letter, Advanced Call Center Technologies, LLC ("ACCT"). ACCT now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

**I**

      In considering a motion to dismiss for failure to state a claim, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). It may also

consider extrinsic documents that are "integral" to the complaint. *Id.* The letter sent to Ortiz is plainly integral to her claims; in any event, it is attached to her complaint. It reads, in pertinent part, as follows:

> Dear Crystal Ortiz:
>
> This account has been listed with our office for collection.
>
> This notice has been sent by a collection agency. This is an attempt to collect a debt, and any information obtained will be used for that purpose.
>
> If the Amount Currently Due is paid to Synchrony Bank [the issuer of the card] and your account is brought up to date, we will stop our collection activity.
>
> \*\*\*
>
> Synchrony Bank may continue to add interest and fees as provided in your agreement.
>
> \*\*\*

Compl., Ex. A. The letter's heading identifies an "AMOUNT CURRENTLY DUE [of] $580.00," as well as an "ACCOUNT BALANCE [of] $7,747.00." *Id.*

## II

The FDCPA forbids the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It further requires certain communications from debt collectors to include "a written notice containing . . . the amount of the debt." *Id.* § 1692g(a)(1).

"Because the FDCPA is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (internal quotation marks omitted). In particular, whether a statement is deceptive "is determined from the perspective of the objective 'least sophisticated consumer.'" *Easterling v. Collectco, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

Ortiz alleges that the letter violated the FDCPA in five respects. Each of those claims is addressed in turn.

**A.  First Claim**

Ortiz alleges that the letter did not accurately state the "amount of the debt," as required by 15 U.S.C. § 1692g(a)(1), because it did not state whether interest and fees were, in fact, accruing and because it did not explain the basis for any such interest and fees. She concedes that this claim is foreclosed by *Kolbasyuk v. Capital Management Services, LP*, 918 F.3d 236 (2d Cir. 2019), in which the Second Circuit held that "[n]othing in Section 1692g required [the debt collector] to inform [the debtor] of the constituent components of that debt or the precise rates by which it might later increase." *Id.* at 240.

## B. Second Claim

Ortiz alleges that, if interest and fees were accruing, the statement that the issuer "*may* continue to add interest and fees" (emphasis added) was false, deceptive, or misleading within the meaning of 15 U.S.C. § 1692e because it left open the possibility that interest and fees would not accrue. She concedes that this claim is foreclosed by *Avila v. Riexenger & Associates*, 817 F.3d 72 (2d Cir. 2016), in which the Second Circuit held that a debt collector's failure to disclose that interest was accruing could be misleading, but also adopted the following "safe harbor":

> [A] debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Id.* at 77.

It is true that the formulation of the safe harbor quoted above requires the debt collector to state (if true) that the amount of the debt "will increase." *Id.* Elsewhere in the opinion, however, the Second Circuit approved a formulation using "may": "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *Id.* (quoting *Miller v. McCalla, Raymer, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir.

4

2000)). Subsequent unpublished cases confirm that language substantially similar to that used in the letter sent to Ortiz—that "Synchrony Bank may continue to add interest and fees as provided in your agreement"—falls within the safe harbor. *See Taubenfliegel v. EGS Fin. Care, Inc.*, 764 F. App'x 76, 77 (2d Cir. Apr. 4, 2019) ("[The debtor's] account balance may be periodically increased due to the addition of accrued interest or other charges as provided in [his] agreement with the original creditor or as otherwise provided by state law."); *Corwise v. FMS Inv. Corp.*, 758 F. App'x 213, 214 (2d Cir. Mar. 14, 2019) ("Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by Federal and/or State law.").

## C. Third Claim

Ortiz alleges that, if interest and fees were *not* accruing, then the use of "may" was deceptive because it implied that they would. Since this is simply the logical complement of her second claim, one might argue that the *Avila* safe harbor applies. However, *Avila* and the cases applying it all involved accounts that were, in fact, accruing interest. In addition, *Avila* emphasized that a statement qualifies for the safe harbor only if it "*accurately* informs the consumer that the amount of the debt stated in the letter will increase over time." 817 F.3d at 77 (emphasis added); *see*

5

*also Miller*, 214 F.3d at 876 (safe harbor applies "provided, of course, that the information [the debt collector] furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)").

Section 1692e(5) lists a "threat to take any action that cannot legally be taken or that is not intended to be taken" as an example of a misleading representation. Thus, a statement that interest may accrue is misleading if it cannot or will not accrue. In *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, 2018 WL 2093116 (E.D.N.Y. May 3, 2018), Judge Cogan explained how such a statement could be material: "A letter which leads a debtor to believe that her debt is accruing interest when it actually is not may be materially misleading because it could induce the debtor [to] pay that debt in lieu of another debt she knows is accruing interest at some lower rate." *Id.* at *4.

It may be the case that Ortiz's debt is increasing, and it is very likely the case that any interest and fees are legal and allowed by her agreement with Synchrony. *See Weiss v. Zwicker & Assocs.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) ("[E]ven the most unsophisticated consumer would understand that credit card debt accrues interest."). Those facts would refute the premise of her third claim. They are not alleged in the complaint, however, and so ACCT must provide evidence of them in connection with a motion for summary judgment. *Accord Medzhidzade*, 2018 WL

6

2093116, at *4 ("If, for example, defendant had produced evidence that the amount of the debt would or could increase in the future because of interest or fees, the 'may vary from day to day' language would be entirely accurate.").

**D.     Fourth Claim**

Ortiz's fourth claim challenges the same statement—"Synchrony Bank may continue to add interest and fees as provided in your agreement"—but shifts the focus from "may" to "and."  She argues that the use of that conjunction implies that *both* interest and fees may increase her balance, and that the statement is misleading if only one or the other is.

As noted, nothing in the record informs the Court whether Ortiz's agreement with Synchrony authorizes either interest or fees and, if so, whether either has been or will be added to her balance.  As with the third claim, then, the fourth claim cannot be disposed of on a motion to dismiss and must await a motion for summary judgment.

**E.     Fifth Claim**

Finally, Ortiz alleges that that letter, taken in its entirety, is misleading because it implies that payment of the "amount currently due" would prevent additional interest and fees from accruing.   The Court agrees.

The letter informs Ortiz that ACCT will "stop [its] collection activity" if "the

7

Amount Currently Due is paid." Compl., Ex. A. "Collection activity" is not a self-evident concept. Perhaps its most natural meaning refers to sending collection letters and the like, but the Court cannot rule out the possibility that the least-sophisticated consumer would understand it to include the imposition and collection of interest and fees.

ACCT argues that the letter's meaning was clarified by the disclosure of an "account balance" greater than the "amount currently due" and a warning that Synchrony "may continue to add interest and fees." The latter, however, might reasonably mean that interest and fees would accrue until the amount due was paid, but not thereafter. The least-sophisticated consumer, meanwhile, might understand the letter to convey an offer to accept the "amount currently due" in satisfaction of the higher "account balance." Such payoff offers are common in the industry, *see Carlin v. Davidson Fink LLP*, 852 F.3d 207, 217 (2d Cir. 2017), and their ubiquity makes such an understanding reasonable.

Under the least-sophisticated consumer standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling*, 692 F.3d 233 (citing *Clomon*, 988 F.2d at 1318). The Court concludes that the letter is open to a reasonable interpretation that payment of the amount due would stop interest and fees from continuing to accrue.

Therefore, Ortiz has adequately alleged a claim that the letter was deceptive.

## III

ACCT's motion to dismiss is granted in part and denied in part. Ortiz's first and second claims are dismissed; her remaining claims may proceed.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 29, 2019